COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Bray and Bumgardner
Argued at Chesapeake, Virginia


WALTER D. BOONE, JR.

MEMORANDUM OPINION* BY
v.   Record No. 0934-99-1       JUDGE SAM W. COLEMAN III
                                   APRIL 4, 2000
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                    Thomas S. Shadrick, Judge

            Ben Pavek, Assistant Public Defender
            (Office of the Public Defender, on brief),
            for appellant.

            Richard B. Smith, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief),
            for appellee.


    Walter D. Boone was convicted in a bench trial of

conspiracy to commit robbery, carjacking, and use of a firearm

during the commission of a felony.  On appeal, he argues that

the trial court erred by denying his motion to suppress his

statement made to the police.  We disagree and affirm.

                          BACKGROUND

    Derrick Taylor and Tiante Carter were washing Taylor's car

at a car wash just after midnight.  Boone and another individual

approached Taylor and inquired of him whether he was interested

---

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

in buying marijuana. Taylor responded that he did not have any money but that he could get some money. At that point, Boone pulled up his shirt and exposed a firearm that was tucked in the waistband of his pants. Boone ordered Taylor and Carter to walk across the street. Boone then stole Taylor's car; however, when Boone drove the car from the parking lot, he hit a telephone pole and a tree. Boone abandoned the car and fled.

Shortly after the incident, Boone was apprehended, arrested, and transported to the police station. At approximately 3:30 a.m., Boone was taken to an interrogation room; at 5:20 a.m., Sergeant Samuel A. Thomson read Boone the Miranda warnings and attempted to question him. Thomson testified that Boone said "he did not wish to talk to [him] at that time." Thomson immediately ceased questioning Boone and left the room. At 8:20 a.m., Thomson moved Boone to a different interrogation room where Boone would have access to water and a restroom. Thomson testified that he again informed Boone of his rights under Miranda and, at that point, Boone indicated that he wanted to make a statement.

In Boone's statement, he admitted that three other codefendants drove to the car wash where they encountered Taylor and Carter. Boone brandished a firearm and asked Taylor for his money. Boone then ordered the victims to walk across the street. Boone acknowledged that he attempted to steal Taylor's

car but drove into a telephone pole and onto a curb. Boone and the codefendants fled the scene and were later apprehended.

The trial court found that Boone unequivocally invoked his right to remain silent when he stated that he "did not wish to talk to [the officer] at that time." However, the trial judge also found that the officer "scrupulously honored" Boone's right to remain silent and that Boone's statement was not unlawfully obtained. A significant period of time elapsed between the first and second interviews. Boone was again advised of his Miranda rights, and he waived those rights before the second interview in which he confessed to having committed the crimes.

### ANALYSIS

Boone argues that the trial court erred by denying his motion to suppress his confession because the law enforcement authorities failed to "scrupulously honor" his request to remain silent.

"If the individual indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent, the interrogation must cease." Miranda v. Arizona, 384 U.S. 436, 473-74 (1966). "An accused in custody may waive his fifth amendment rights, but the Commonwealth must prove by a preponderance of the evidence that the waiver was made voluntarily, knowingly and intelligently." Pugliese v. Commonwealth, 16 Va. App. 82, 87, 428 S.E.2d 16, 21 (1993).

- 3 -

"[T]he admissibility of statements obtained after the person in custody has decided to remain silent depends under Miranda on whether his 'right to cut off questioning' was 'scrupulously honored.'"  Michigan v. Mosley, 423 U.S. 96, 104 (1975).  "Whether a person's decision to remain silent has been 'scrupulously honored' requires an independent examination of the circumstances."  Pugliese, 16 Va. App. at 88, 428 S.E.2d at 21.  In making this determination, an appeals court is "bound by the trial court's subsidiary factual findings unless those findings are plainly wrong."  Wilson v. Commonwealth, 13 Va. App. 549, 551, 413 S.E.2d 655, 656 (1992).

This Court considers the following five factors in determining whether an accused's invocation of his right to remain silent was scrupulously honored:

> [f]irst, whether defendant "was carefully advised" before the initial interrogation "that he was under no obligation to answer any questions and could remain silent if he wished."  [Mosley, 423 U.S. at 104]. Second, whether there was an immediate cessation of the initial interrogation, and no attempt to persuade defendant to reconsider his position.  Id.  Third, whether the police resumed questioning "only after the passage of a significant period of time."  Id. at 106.  Fourth, whether Miranda warnings preceded the second questioning.  Id. at 104.  Fifth, whether the second interrogation was limited to a crime that had not been the subject of the earlier interrogation.  Id.

- 4 -

<u>Weeks v. Commonwealth</u>, 248 Va. 460, 471, 450 S.E.2d 379, 386 (1994).

Here, Boone was advised of his Fifth Amendment rights before the initial interview.  After Boone indicated that he did not wish to make a statement "at that time," the officer immediately ceased the interview and no attempt was made to pressure Boone to reconsider his position.  Three hours elapsed between the first and second interviews, and prior to the second interview, Boone was again advised of his <u>Miranda</u> rights.  Boone indicated that he understood his rights and said that he wished to make a statement.

Even though the officer attempted to question Boone in the second interview regarding the same incident that the officer questioned him about during the first interview, we find that the second attempt to question Boone was not a violation of his Fifth Amendment right to remain silent.  <u>See</u> <u>Weeks</u>, 248 Va. at 471-72, 450 S.E.2d at 387 (finding that confession not constitutionally invalid even though second interview involved some of the same subject matter discussed during the initial interview).  Boone unequivocally invoked his right to remain silent during the first interview; however, he stated that he did not wish to speak with the officer "at that time."  His statement implied that he was considering whether to cooperate with the officers and whether he would be willing to make a

- 5 -

statement at a later time.  After several hours had passed, Boone was again advised of his Miranda rights, at which time he made a statement.  Boone was not pressured or subjected to coercive forces.  We find that the reinitiation of contact after Boone invoked his right to remain silent was not an attempt to "wear down his resistance and make him change his mind." Mosley, 423 U.S. at 105-06.  We find that the police "scrupulously honored" Boone's right to remain silent. Accordingly, we hold that the trial court did not err by denying his motion to suppress.  We, therefore, affirm.

Affirmed.